# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re:<br><br>ITT EDUCATIONAL SERVICES, INC.<br><br>　　　　　　　　　Debtor. | Chapter 11<br>Bankr. Case No. **16-07207-7A** |
| ALLEN FEDERMAN, JOANNA CASTRO and STEVE RYAN on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ITT EDUCATIONAL SERVICES, INC.,<br><br>　　　　　　　　　Defendant. | **Adv. Pro. No. _____ - ____** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*. and CALIFORNIA LABOR CODE §§ 1400, *et seq*.**

Plaintiffs Allen Federman, Joanna Castro and Steve Ryan ("Plaintiffs") by and through their undersigned counsel, on behalf of themselves and a class of similarly situated employees of ITT Educational Services, Inc. ("ITT Tech" or "Defendant"), hereby allege as follows:

## NATURE OF THE ACTION

1.　　Plaintiffs were employees of ITT Tech and were terminated on September 6, 2016 as part of a mass layoff and/or plant closing without being given 60 days advance written notice.

2.　　On that date, Defendant announced that it was permanently discontinuing its operations and, on or about that date, terminated approximately 8,000 other similarly situated employees without 60 days advance written notice.

{01191406- }

3.  Plaintiffs bring this action on behalf of themselves, and the other similarly situated former employees of Defendant who were terminated without cause, as part of, or as the foreseeable result of the mass layoffs or plant closings ordered by Defendant on or about September 6, 2016 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the California Labor Code § 1400 *et seq*. ("CAL WARN Act").

4.  Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and California Labor Code §1403, from Defendant.

5.  Plaintiffs filed a suit concerning these same mass layoffs and plant closings and seeking recovery from Defendant under the WARN Act and CAL WARN Act in the District of Delaware on September 6, 2016, case no. 16-cv-00780.[1]  Plaintiffs' complaint was served on Defendant on September 7, 2016.  That case is now stayed.

6.  Defendant's closely watched and much anticipated shutdown caused Plaintiff's WARN filing to be immediately picked up and published nationally by the Wall Street Journal leading to a slew of copycat complaints.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

8.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

---

[1] Undersigned counsel has been retained by more than 100 employees, who worked at Defendant's facilities in Indiana, California, Colorado, Florida, Illinois, Louisiana, Michigan, Missouri, New Mexico, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Virginia and Washington.
.
{01191406- }

2

9. Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiffs*

10. At all relevant times, Plaintiff Allen Federman was employed by ITT Tech as a Business Analyst and worked at Defendant's headquarters facility located at 13000 North Meridian Street, Carmel, Indiana (the "Carmel Facility").

11. At all relevant times, Plaintiff Joanna Castro, was employed by ITT Tech as a Senior I Financial Aid Coordinator and worked at Defendant's facility located at 401 Mile of Cars Way, Suite 100, National City, California (the "National City Facility").

12. At all relevant times, Plaintiff Steve Ryan, was employed by ITT Tech as an Adjunct Instructor and worked at various relevant times at Defendant's California facilities located in Torrance, Vista, and at the National City Facility.

13. At all relevant times, Ms. Castro and Mr. Ryan were residents of the State of California.

### *Defendant*

14. Defendant ITT Educational Services, Inc. is a Delaware corporation with its principal place of business located at 13000 North Meridian Street, Carmel, Indiana 46032, and conducted business in this district.

15. In addition to the Carmel Facility, which had 150 or more employees, Defendant maintained other facilities, as that term is defined in the WARN Act, including over 130 campuses in 38 states. Together with the Carmel Facility, these facilities are collectively referred to herein as the "Facilities."

16. On September __, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

17. Upon information and belief, at all relevant times, the other similarly situated former employees who were terminated by Defendant worked, reported to, or received instructions from the Carmel Facility or one of Defendant's other Facilities.

## FEDERAL WARN ACT CLASS ALLEGATIONS

18. Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about September 6, 2016, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or about September 6, 2016, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

19. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

20. Upon information and belief, Defendant employed more than 100 full-time employees who worked at or reported to the Facilities.

21. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

22. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

23. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

 (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

 (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

 (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

24. The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facilities and was terminated beginning on or about September 6, 2016, due to the mass layoffs and/or plant closings ordered by Defendant.

25. The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

26. On or about September 6, 2016, Defendant terminated the Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which she was entitled to receive 60 days advance written notice under the WARN Act.

27. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

28. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

29. The Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

30. The relief sought in this proceeding is equitable in nature.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

31. Plaintiffs Joanna Castro and Steve Ryan ("California Class Plaintiffs") bring the Second Claim for Relief for violation of Labor Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about September 6, 2016 (the "CAL WARN Class").

32. The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

33. On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

34. On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

35. The Defendant is an "employer" because it directly or indirectly owned and operated a covered establishment under Cal. Lab. Code § 1400(b).

36. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a) whether the members of the CAL WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act;

(c) whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act;

(d) whether Defendant is entitled to an exemption from the notice requirements contained in Section 1401 although they have not received such a determination from the California Department of Industrial Relations as set forth in Labor Code § 1402.5; and

(e) whether the California Class Plaintiffs' claims are typical of those of the CAL WARN Class.

37. The California Class Plaintiffs, like other CAL WARN Class members, worked at or reported to Defendant's Facilities and were terminated beginning on or about September 6, 2016 and thereafter, due to the closure of the Facilities ordered by Defendant.

38. The California Class Plaintiffs will fairly and adequately protect the interests of the CAL WARN Class.  The California Class Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

39. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

40. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

41. The California Class Plaintiffs intend to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## **CLAIM FOR RELIEF**

## **Violation of the Federal WARN Act**

42.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

43.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

44.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

45.     Beginning on or about September 6, 2015, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i)

46.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

47.     The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

48.     The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

49. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

50. Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

51. The Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

52. Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## CALIFORNIA WARN Act Cause of Action

53. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

54. The California Class Plaintiffs, together with other employees similarly situated who worked at Defendant's Facilities, are former "employees," of the Defendant as defined in Labor Code § 1400(h).

55. Defendant terminated the California Class Plaintiffs' employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400 beginning on or about September 6, 2016 and thereafter.

56. Defendant is an "employer" as defined in Labor Code § 1400(b) because directly or indirectly owns and operates covered establishments.

57. Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order, and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred.  The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

58. As a result of the Defendant's violation of Labor Code § 1401, California Class Plaintiffs and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

59. The California Class Plaintiffs have incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorney' fees under Labor Code § 1404.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,850 of the WARN Acts claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA

benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A) and the California Labor Code § 1402(a) or, in the alternative a first priority administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiffs and the other similarly situated former employees equal to those sums;

E. Reasonable attorneys' fees and the costs and disbursements that the Plaintiffs will incur in prosecuting this action, as authorized by the federal and California WARN Acts; and

F. Such other and further relief as this Court may deem just and proper.

Dated: September 16, 2016

Respectfully submitted,

By: */s/Anthony R. Jost*
Anthony R. Jost
**RILEY BENNETT EGLOFF LLP**
141 East Washington St.
Fourth Floor
Indianapolis, IN 46204
Telephone: (317) 636-8000
Facsimile: (317) 955-7152
Email: TJost@RBELAW.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:   (212) 245-1000
E-mail:   jar@outtengolden.com
   rsr@outtengolden.com

*Attorneys for the Plaintiffs and the putative class*

{01191406- }

12