IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>ITT EDUCATIONAL SERVICES, INC.<br><br>　　　　　　　　　　　　　Debtor.[1] | Chapter 7<br>Bankr. Case No. **16-07207-JMC-7A**<br><br>Jointly Administered |
| ALLEN FEDERMAN, JOANNA CASTRO and STEVE RYAN, on behalf of themselves and all others similarly situated,<br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>ITT EDUCATIONAL SERVICES, INC.,<br>　　　　　　　　　　　　　Defendant. | **Adv. Pro. No. 16-50296** |

**FEDERMAN PLAINTIFFS' LIMITED REPLY TO CLAIMANT CHRISTIN M. LONG'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION TO APPOINT BENJAMIN F. JOHNS OF CHIMICLES & TIKELLIS LLP AND MICHAEL W. HILE OF JACOBSON HILE, LLC AS INTERIM CO-LEAD COUNSEL, AND BRANDON M. WISE OF PEIFFER ROSCA WOLF <u>ABDULLAH CARR & KANE APLC TO AN EXECUTIVE COMMITTEE</u>**

The Federman Plaintiffs respectfully submit this limited reply to the reply memorandum of law submitted by Christin M. Long. This submission addresses Ms. Long's argument that Outten & Golden should not be appointed interim class counsel because sanctions were imposed against the firm in one of its representations.

## <u>ARGUMENT</u>

**The Judge Who Assessed The Sanction Has Nonetheless Appointed Outten & Golden Interim Class Counsel and Class Counsel When Given The Opportunity.**

Long Counsel asserts that because Outten & Golden received a sanction, Long Counsel is "best able" to represent the putative WARN class. The sanction to which Long Counsel refers

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

was ignored by both the Court and opposing counsel with respect to Outten & Golden's qualifications, when it was appointed class counsel in the case, and it should have no bearing here.

In *In re Connaught Grp., Ltd.*, Adv. Proc. No. 12-01051 SMB, 2013 WL 413589, at *1 (Bankr. S.D.N.Y. Feb. 1, 2013), the Trust sought dismissal of the WARN Act complaint because Outten & Golden moved for class certification after the deadline set forth in the scheduling order. In the scheduling order, the parties had agreed to a noncompliance sanction of fees and costs. Judge Stuart M. Bernstein applied it, noting that while Outten & Golden had been "diligently" seeking information from the Trust's counsel to identify the scope of the putative class, an extension should have been sought. *Id*. at *3.

Outten & Golden fully respects Judge Bernstein's decision.

The *Connaught* Trust never questioned Outten & Golden's qualifications although it vigorously opposed class certification. (It contended that the *plaintiff* was an inadequate representative because she failed to file the certification motion on time – which the Court found meritless.) *In re Connaught Grp., Ltd.*, 491 B.R. 88, 95, and n.6 (Bankr. S.D.N.Y. 2013). The Court noted class counsel must be qualified and experienced, and appointed Outten & Golden. *Id*. at 95; *In re Connaught Grp., Ltd.*, No. 12-01051-SMB, Dkt. No. 40. The case was successfully settled. *In re Connaught Grp., Ltd.*, No. 12-01051-SMB, Dkt. No. 53.

Recently, in a large chapter 7 case, the same Judge Bernstein first appointed Outten & Golden interim class counsel. *See In re TransCare Corp*, 552 B.R. 69 (Bankr. S.D.N.Y. 2016). Judge Bernstein dismissed the WARN complaint filed by a competing employment law firm rather than consolidate the cases. *Id.* at 78-80. Then, Judge Bernstein appointed Outten & Golden class counsel, based on its unopposed motion for class certification. *See Ien v.*

2

*TransCare Corp.*, No. 16-01033-SMB (Bankr. S.D.N.Y.), Dkt Nos. 36, 46. No mention of the sanction was made in *Transcare*, nor in any other case (to Outten & Golden's knowledge) until now.[2]

Just as the sanction was deemed irrelevant to Outten & Golden's class counsel qualifications in *Connaught* and *Transcare*, we respectfully request that the Court find it inconsequential here.

## CONCLUSION

**WHEREFORE**, Federman Plaintiffs respectfully ask the Court to grant, in the absence of any agreement by counsel for the Federman, Long and Artis plaintiffs to the contrary, the proposed order annexed to the Federman Plaintiffs' moving papers appointing Outten & Golden LLP interim class counsel, together with such other and further relief that the Court deems just and proper.

Dated: November 1, 2016            */s/ Jack A. Raisner*
                                              Jack A. Raisner
                                              René S. Roupinian
                                              **OUTTEN & GOLDEN LLP**
                                              685 Third Avenue, 25th Floor
                                              New York, New York 10017
                                              Telephone: (212) 245-1000
                                              Facsimile: (646) 509-2060
                                              E-mail: jar@outtengolden.com
                                                              rsr@outtengolden.com

                                              Anthony R. Jost
                                              **RILEY BENNETT EGLOFF LLP**
                                              141 East Washington St.
                                              Fourth Floor
                                              Indianapolis, IN 46204
                                              Telephone: (317) 636-8000

---

[2] Long counsel also refers to an opinion in which the Court issued a warning. The Court in *Casity v. Clear Connection Corp.,* No. 2:10-cv-02800-GEB-DAD (E.D. Cal.), took the parties to task for failing to timely submit a joint status report. (Long Brief, p. 7). In *Casity*, the parties had previously filed a joint motion seeking a stay in order to focus on settlement, which was granted. Dkt. No. 32. The parties jointly responded to the Order to Show Cause and filed a joint status report advising the Court that a settlement had been reached. Dkt. Nos. 35 and 38. As Long Counsel correctly points out, no sanctions were imposed on the parties.

3

Facsimile: (317) 636-8027
Email: TJost@RBELAW.com

*Attorneys for Federman Plaintiffs and the putative class*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| In re:<br><br>ITT EDUCATIONAL SERVICES, INC.<br><br>Debtor.[1] | Chapter 7<br>Bankr. Case No. **16-07207-JMC-7A**<br><br>Jointly Administered |
|---|---|
| ALLEN FEDERMAN, JOANNA CASTRO and STEVE RYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ITT EDUCATIONAL SERVICES, INC.,<br><br>Defendant. | **Adv. Pro. No. 16-50296** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of November, 2016, he caused a copy of the *Federman Plaintiffs' Limited Reply to Claimant Christin M. Long's Reply Memorandum in Further Support of Her Motion to Appoint Benjamin F. Johns of Chimicles & Tikellis LLP and Michael W. Hile of Jacobson Hile, LLC as Interim Co-Lead Counsel, and Brandon M. Wise of Peiffer Rosca Wolf Abdullah Carr & Kane APLC to an Executive Committee* to be filed electronically via the Court's ECF system. Notice of this filing will be sent to all parties registered to receive filings in this case by operation of the Court's ECF system. Parties may access this filing through the Court's ECF system. Additionally, any parties that have appeared and will not be served electronically via the Court's ECF system have been served a copy of the foregoing via U.S. Mail, postage prepaid.

*/s/ Jack A. Raisner*
Jack A. Raisner

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].